**[J-65-2019] [MO: Saylor, C.J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 40 EAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court entered on 06/27/2018 at No. |
| | : | 927 EDA 2016 affirming the Order |
| v. | : | entered on 03/03/2016 in the Court |
| | : | of Common Pleas, Philadelphia |
| | : | County, Criminal Division, at No. |
| KAREEM JOHNSON, | : | CP-51-CR-1300424-2006. |
| | : | |
| Appellant | : | ARGUED:  September 10, 2019 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                                  **DECIDED:  May 19, 2020**

I fully join the majority opinion and write separately only to express my view that, although our decision broadens the jeopardy relief standard requiring intentional prosecutorial misconduct to include reckless (conscious) prosecutorial disregard of a substantial risk the defendant will be denied a fair trial, the standard continues to be a stringent one that will be satisfied only in egregious cases.  This Court has previously authorized dismissal of charges as a sanction for blatant intentional prosecutorial overreaching designed either to provoke a defendant into a mistrial or deprive a defendant of a fair trial.  *Commonwealth v. Smith*, 615 A.2d 321 (Pa. 1992); *Commonwealth v. Martarano*, 741 A.2d 1221 (Pa. 1999).  Nevertheless, this Court has also consistently cautioned that dismissal of charges is an extreme remedy that should be imposed sparingly.  *Commonwealth v. Burke*, 781 A.2d 1136, 1144 (Pa. 2001).  Our decision today reinforces our jurisprudence holding dismissal of charges is an appropriate remedy when

there is deliberate and egregious overreaching by the prosecution. However, I do not read our decision as suggesting dismissal of charges is warranted in every case of prosecutorial misconduct. In the face of a double jeopardy challenge, unless there is evidence to support a finding of deliberate and reckless prosecutorial disregard of a substantial risk the defendant will be denied a fair trial, the remedy should be less severe than dismissal. Where such evidentiary support is lacking, the appropriate remedy will normally include the award of a new trial.